# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-18V
Filed: June 6, 2013
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| STEVEN ENGEN and KELLIE ENGEN, | * | |
| legal representatives of a minor child, | * | |
| KELLEN ENGEN, | * | |
| | * | Damages decision based on stipulation; |
| Petitioners, | * | rotavirus vaccine; intussusception |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Randall G. Knutson, Mankato, MN, for petitioners.
Tara J. Kilfoyle, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On June 5, 2013, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioners allege that Kellen Engen developed an intussusception that was caused by his January 21, 2010 receipt of rotavirus vaccine. Petitioners further allege that Kellen's injury resulted in inpatient hospitalization and surgical intervention. Respondent denies that rotavirus vaccine caused Kellen's intussusception or any other injury. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the Court awards petitioners:

a. a lump sum of **$2,500.00**, which amount represents compensation for past unreimbursable expenses. The award shall be in the form of a check for **$2,500.00** made payable to petitioners, Steven Engen and Kellie Engen; and

b. a lump sum of **$35,000.00**. The award shall be in the form of a check made payable to petitioners as guardians of Kellen Engen's estate.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: June 6, 2013                                     /s/ Laura D. Millman
                                                        Laura D. Millman
                                                        Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

STEVEN ENGEN and KELLIE ENGEN, )
Legal representatives of a minor child, )
KELLEN ENGEN )
                                  )
            Petitioner, )
                                  )     No. 13-0018V
v. )     Special Master Laura Millman
                                  )     ECF
                                  )
SECRETARY OF HEALTH AND HUMAN )
SERVICES, )
                                  )
            Respondent. )
                                  )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, Kellen Engen ("Kellen"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Kellen's receipt of the rotavirus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Kellen received rotavirus, hepatitis B, pneumococcal conjugate, and combined diphtheria-tetanus-acellular pertussis, haemophilus influenza type B, and inactivated poliovirus ("Pentacel") vaccines on January 21, 2010. On March 30, 2010, Kellen received a second dose of Pentacel, hepatitis B, and pneumococcal conjugate vaccines. On December 2, 2010, Kellen received a third dose of hepatitis B vaccine.

3. These vaccine were administered within the United States.

4. Petitioners allege that the rotavirus vaccine caused Kellen to develop an intussusception, that this injury resulted in inpatient hospitalization and surgical intervention.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Kellen as a result of his condition.

6. Respondent denies that the rotavirus vaccine is the cause of Kellen's intussusception, or any other injury, or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> a. A lump sum of **$2,500.00**, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Steven Engen and Kellie Engen; and
>
> b. A lump sum of **$35,000.00** in the form of a check payable to petitioners as guardians of Kellen's estate.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to

2

further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of Kellen as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians of Kellen's estate under the laws of the State of Arizona. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians of Kellen estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians of the estate of Kellen Engen at the time a payment

3

pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian of the estate of Kellen Engen upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of Kellen, on behalf of themselves, Kellen, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Kellen resulting from, or alleged to have resulted from:

(a) the rotavirus vaccination administered on January 21, 2010, as alleged by petitioners in a petition for vaccine compensation filed on or about January 8, 2013, in the United States Court of Federal Claims as petition No. 13-0018V;

(b) the Pentacel, hepatitis B, pneumococcal conjugate vaccines administered to Kellen on January 21, 2010;

(c) the Pentacel, hepatitis B, and pneumococcal conjugate vaccines administered to Kellen on March 30, 2010; and,

(d) the hepatitis B vaccine administered to Kellen on December 2, 2010.

4

15. If Kellen should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the rotavirus, Pentacel, hepatitis B, or pneumococcal conjugate vaccines caused Kellen's intussusception, or any other injury, or his current condition.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Kellen Engen.

5

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_____
STEVEN ENGEN

ATTORNEY OF RECORD FOR
PETITIONERS

_____
RANDALL KNUTSON, ESQ.
FARRISH JOHNSON LAW OFFICE
1907 Excel Drive
Mankato, MN 56001
(507) 625-2525


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857


_____
KELLIE ENGEN

AUTHORIZED
REPRESENTATIVE OF THE
ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


ATTORNEY OF RECORD FOR
RESPONDENT:

_____
TARA J. KILFOYLE
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729


Dated: 6/5/13

6